IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| NICOLE SOLIDUM,<br><br>    Plaintiff,<br><br>    vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 23-cv-00304-DKW-KJM<br><br>**ORDER REMANDING DECISION OF ACTING COMMISSIONER OF SOCIAL SECURITY FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

Plaintiff Nicole Solidum appeals the denial of her applications for disability insurance benefits and supplemental security income, asserting that the Administrative Law Judge (ALJ) erred in two principal respects. First, Solidum claims that the ALJ failed to include all of the limitations of Solidum's residual functional capacity (RFC) when posing questions to the vocational expert (VE), rendering that expert's subsequent opinions unreliable. Second, Solidum claims that the ALJ erred in relying upon "self-contradictory" testimony from the VE. While the Court disagrees with much of Solidum's latter argument, the Court agrees that remand is necessary in one respect for further clarification of the record −specifically, as it pertains to the RFC's limitation that Solidum can "understand, remember, and carry out simple routine tasks for up to 2-hour periods of time…."

Therefore, as more fully explained below, this case is REMANDED for further clarification by the ALJ.

## BACKGROUND

### I. Review of Disability Claims

A five-step process exists for evaluating whether a person is disabled under the Social Security Act (SSA). 20 C.F.R. § 404.1520; 20 C.F.R § 416.920. First, the claimant must demonstrate that she is not currently involved in any substantial, gainful activity. *Id*. §§ 404.1520(a)(4)(i), (b); §§ 416.920(a)(4)(i), (b). Second, the claimant must show a medically severe impairment or combination of impairments that significantly limit her physical or mental ability to do basic work activities. *Id*. §§ 404.1520(a)(4)(ii), (c); §§ 416.920(a)(4)(ii), (c)  Third, if the impairment matches or is equivalent to an established listing under the governing regulations, the claimant is judged conclusively disabled. *Id*. §§ 404.1520(a)(4)(iii), (d); §§ 416.920(a)(4)(iii), (d).

If the claimant's impairment does not match or is not equivalent to an established listing, the Commissioner makes a finding about the claimant's residual functional capacity (RFC) to perform work. *Id*. § 404.1520(e); § 416.920(e). The evaluation then proceeds to a fourth step, which requires the claimant to show her impairment, in light of the RFC, prevents her from performing work she performed in the past. *Id*. §§ 404.1520(a)(4)(iv), (e), (f); §§ 416.920(a)(4)(iv), (e),

(f).  If the claimant is able to perform her previous work, she is not disabled.  *Id*. § 404.1520(f); § 416.920(f).  If the claimant cannot perform her past work, though, the evaluation proceeds to a fifth step.  *Id*. §§ 404.1520(a)(4)(v), (g); §§ 416.920(a)(4)(v), (g).  At this final step, the Commissioner must demonstrate that (1) based upon the claimant's RFC, age, education, and work experience, the claimant can perform other work, and (2) such work is available in significant numbers in the national economy.  *Id*. § 404.1560(c); § 416.960(c); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (explaining that, at Step Five, the burden moves to the Commissioner).  If the Commissioner fails to meet this burden, the claimant is deemed disabled.  20 C.F.R. § 404.1520(g)(1); § 416.920(g)(1).

## II.  Solidum's Administrative Proceeding

On July 18, 2022, the ALJ issued a decision finding Solidum "not disabled" for both disability insurance benefits and supplemental security income purposes. Administrative Record (AR) at 32-33.  At Step One of the evaluation process, the ALJ determined that Solidum had not engaged in substantial gainful activity since the alleged onset date of December 22, 2016.  *Id*. at 18.  At Step Two, the ALJ determined that Solidum had the following severe impairments: lumbar and cervical spine strain with bilateral radiculopathy; cervical nerve root disorder; myofascial pain syndrome; traumatic brain injury; post-concussion syndrome;

3

headaches; migraines; obesity; bipolar affective disorder; panic disorder; and post-traumatic stress disorder. *Id*. At Step Three, the ALJ determined that Solidum did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the governing regulations. *Id*. at 18-21.

Before reaching Step Four, the ALJ determined that Solidum had the RFC to perform light work, except as follows:

> occasional postural activities; frequent bilateral overhead reaching; can understand, remember, and carry out simple routine tasks for up to 2-hour periods of time with only occasional interaction with the general public; minimal changes in workplace setting or routine; no fast-paced production or assembly line type of work; avoid concentrated exposure to very loud noises such as noise in a machine shop but office-like noise would be acceptable; and frequent bilateral overhead reaching.

*Id*. at 21-30.

At Step Four, the ALJ determined that Solidum was unable to perform any past relevant work. *Id*. at 30. At Step Five, the ALJ determined that, in light of Solidum's RFC, age, education, and work experience, Solidum could perform jobs existing in significant numbers in the national economy. *Id*. at 31. More specifically, the VE testified that Solidum could do the jobs of: lamination inspector; marker; and produce weigher. *Id*. at 31-32. This determination resulted in the ALJ finding that Solidum was not disabled from December 22, 2016 through the date of the decision. *Id*. at 32.

On June 1, 2023, the Appeals Council denied Solidum's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Acting Commissioner. *Id*. at 1.

## **STANDARD OF REVIEW**

A court must uphold an ALJ's decision "unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Id*. (quotation omitted). Stated differently, "[s]ubstantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (quotation omitted). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Id*.; *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) ("[Courts] leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record.") (citations omitted).

In addition, a court may not reverse an ALJ's decision on account of an error that is harmless. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citation omitted). In making this assessment, the Court "look[s]

5

at the record as a whole to determine whether the error alters the outcome of the case." *Id*. at 1115.

## DISCUSSION

In her Opening Brief, Dkt. No. 13, Solidum challenges the ALJ's decision on two grounds, both of which revolve around the testimony of the VE. Specifically, Solidum first contends that the ALJ, in questioning the VE, failed to mention her "occasional postural limitations." *Id*. at 9-12. Solidum argues that this error was not harmless because "it cannot be known" if she could perform the jobs the VE identified had the VE been aware of these limitations. *Id*. at 12-13. Second, Solidum contends that the ALJ erred in relying upon what Solidum describes as "self-contradictory" testimony from the VE. *Id*. at 13-23. In particular, Solidum argues that the VE's testimony should not have been relied upon because the RFC limited her to performing only two hours of work, and the VE agreed that full-time work could not be done and would not be available for anyone with such limits. *Id*. at 17-18, 20.

The Court addresses the latter argument first. In most respects, the argument mischaracterizes and/or misconstrues the relevant limitation in Solidum's RFC. Specifically, Solidum's argument concerns the limitation of "up to 2-hour periods" for understanding, remembering, and carrying out simple routine tasks. According to Solidum, this limitation means that "she would need

to get all of the job tasks done in two hours." *Id*. at 17.  Put simply, the limitation does no such thing.  Notably, the ALJ said "up to 2-hour periods"; not, as Solidum contends, a single 2-hour period.  While, as discussed more below, "up to 2-hour periods" for understanding, remembering, and carrying out simple tasks may have more than one potential meaning, one meaning it does not have is that Solidum needed to cram a full day's work into a two-hour period.

As for the meaning the ALJ intended to ascribe to this limitation, the record is unclear.  Specifically, as both parties argue, the limitation could mean one of two possible things.  On one hand, as Solidum contends, it could mean that after two hours, she would need to be "redirected back on task" by a supervisor because she could not remember the tasks she had previously been performing.  *Id*. at 20.[1]  On the other hand, as the government contends, the limitation could mean that, after a two-hour period of work followed by a regularly-scheduled break, Solidum would be able to understand, remember, and carry out her tasks for another two-hour period without supervisor intervention or assistance.  Dkt. No. 15 at 3.

---

[1] If Solidum is correct, the Court agrees that this would not constitute harmless error, in light of the VE's testimony that it would be "work preclusive" if a person needed to be redirected by their supervisor every two hours in order to stay on task.  AR at 77-78.

Based upon the briefing and the record, the choice is unclear as between these two potential meanings.[2]

Therefore, the Court REMANDS this case to the ALJ for clarification. Specifically, the ALJ is instructed to provide additional explanation of the limitation in the RFC that Solidum "can understand, remember, and carry out simple routine tasks for up to 2-hour periods of time…", and, among other things, explain whether or not this limitation requires Solidum to be redirected back on task every two hours by a supervisor.[3]

## CONCLUSION

To the extent set forth herein, this case is REMANDED to the Acting Commissioner for further administrative proceedings consistent with this Order. The Clerk of Court is directed to close this case.

---

[2]The government argues that Solidum's construction of the limitation is "extreme and unlikely…." Dkt. No. 15 at 3. However, in light of the language used in the RFC, and the lack of any clear clarification in the ALJ's decision, the Court does not find Solidum's construction to be so unlikely as to prevent remand. Further, nothing herein should be construed as the Court favoring either the government's or Solidum's construction of the limitation.

[3]Because the Court finds a remandable issue within Solidum's second argument for relief, the Court need not (and does not) address her first argument that the ALJ failed to include all of her RFC's limitations when questioning the VE. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (remanding to the ALJ and, as a result, declining to reach an alternative ground for remand). That being said, the Court notes that the ALJ's failure to include the postural limitations likely constituted harmless error. *See* Dkt. No. 15 at 1-2 (government's brief explaining the lack of harm). In addition, Solidum's unsupported claim that "it cannot be known" whether she could perform the jobs identified hardly appears to satisfy *her burden* of showing the error was harmful, *see Molina*, 674 F.3d at 1111, particularly in light of the evidence cited by the government.

IT IS SO ORDERED.

DATED: December 22, 2023 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge